# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY LOWMAN, | CASE NO. 1:07-cv-546-OWW-DLB (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| D.G. ADAMS, et al., | (Doc. 1) |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff Quincy Lowman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 9, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious;" that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A court may dismiss a complaint only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). " 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.' " Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.     Summary of Plaintiff's Complaint

Plaintiff is an inmate housed at the California Department of Corrections and Rehabilitation State Prison in Corcoran. Plaintiff's claim(s) apparently arose during his incarceration at both the California Department of Corrections and Rehabilitation State Prison in Corcoran and Calipatria State Prison. Plaintiff names as defendants: D.G. Adams, Warden; Loadholt, ("F.N.P."); V. Yammamoto, Assoc. Warden, Health Care Service; W. McGuinness, Chief Medical Officer; W. J. Greenough, Chief Physician & Surgeon; and unknown doctor defendants 1 through 10 inclusive. Plaintiff is seeking general, compensatory, and punitive damages; interest; costs of suit; and other equitable relief.

In his complaint, plaintiff alleges that the defendants were deliberately indifferent to his rights to receive timely medical care under the Eighth Amendment.

Plaintiff fails to state facts alleging wrongful acts attributable to any of the named defendants other than Loadholt. Plaintiff's only allegations as to wrongful acts linked to a specific named defendant are that Loadholt interviewed plaintiff on February 20, 2007 regarding a medical grievance wherein plaintiff advised of his existing medical condition, and that Loadholt, refused both to provide any medical care and re-order plaintiff's pain medication.

Plaintiff makes various allegations which he attributes to "unknown medical personnel" and "the Defendant Doctor Urologist." (Doc. 1, pp. 5 & 6.) However, plaintiff fails to state the names of these alleged defendant actors.

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth for each defendant, what action that defendant took or failed to take and why. In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

C.  Plaintiff's Section 1983 Claims

1.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff has specifically named five defendants in the caption of his complaint, and has included ten additional defendants who are "unknown." In order to proceed under section 1983, plaintiff must allege sufficient facts to support a claim that *each* defendant named in the complaint either acted, or failed to act, in a manner that was adverse to plaintiff. Plaintiff is

cautioned that in his amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for the acts or omissions.

### 2. Medical Care

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Commr's, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has not alleged any facts which would support a claim that each of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe,

4

Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a section 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff has failed to meet the above requirements as to any of the named defendants.

The only named defendant to whom plaintiff attributes wrongful acts in the body of his complaint is Loadholt.  Plaintiff has failed to show that Loadholt's inaction: was medically unacceptable under the circumstances; was chosen in conscious disregard of an excessive risk to plaintiff's health; and that any delay by Loadholt caused plaintiff further harm.

Plaintiff has failed to link any affirmative act or omission by any of the other named defendants (to wit: D.G. Adams, Warden; V. Yammamoto, Assoc. Warden, Health Care Service; W. McGuinness, Chief Medical Officer; and W. J. Greenough, Chief Physician & Surgeon) so as to demonstrate a deliberate indifference to his medical needs.

### 3.    Supervisory Liability Claim

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As to each defendant in a supervisorial position, (to wit: D.G. Adams, Warden; V. Yammamoto, Assoc. Warden, Health Care Service; W. McGuinness, Chief Medical Officer; and W. J. Greenough, Chief Physician & Surgeon) plaintiff must allege facts giving rise to a claim for relief under section 1983.  While plaintiff may be able to state cognizable claims for relief against the named defendants in supervisorial positions under section 1983, the court is unable to identify any such claims at this time.

## II.     Conclusion

For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend;

2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; and

4.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **January 25, 2008**                 **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE