1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   QUINCY LOWMAN,                          CASE NO. 1:07-cv-00546 DLB PC

10              Plaintiff,                   ORDER GRANTING MOTION TO DISMISS,
                                            AND DISMISSING ACTION WITHOUT
11      v.                                  PREJUDICE

12   D. G. ADAMS, et al.,                    (Doc. 22)

13              Defendants.

14
                                         /
15

16                     **Order on Defendants' Motion to Dismiss**

17   **I.      Background**

18          Plaintiff Quincy Lowman ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April

20   9, 2007, and filed a first amended complaint on March 3, 2008.   This action is proceeding against

21   defendants Loadholt, McGuinness and Dwevedi ("Defendants").   Pending before the Court is

22   Defendants' motion to dismiss, filed March 9, 2009.  Plaintiff filed an opposition on July 27, 2009,

23   and Defendants filed a reply on August 19, 2009.[1]  The motion is deemed submitted.

24   **II.     Dismissal for Failure to Exhaust**

25          **A.      Exhaustion Requirement**

26          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

27   ─────────────────

28          [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion
     on November 14, 2008.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 15.)

1  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

2  confined in any jail, prison, or other correctional facility until such administrative remedies as are

3  available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

4  administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918-19

5  (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

6  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

7  Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies

8  to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

9  Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

10  defense under which Defendants have the burden of raising and proving the absence of exhaustion.

11  Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to

12  exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated

13  Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza

14  v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

15  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

16  beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

17  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

18  dismissal without prejudice.  Id.

19  The California Department of Corrections and Rehabilitation has an administrative grievance

20  system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated

21  by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including

22  the informal level, first formal level, second formal level, and third formal level, also known as the

23  "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the

24  event being appealed, and the process is initiated by submission of the appeal to the informal level,

25  or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy

26  section 1997e(a), California state prisoners are required to use the available process to exhaust their

27  claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney,

28  311 F.3d at 1199-1201.

1

**B.     Summary of Plaintiff's Allegations**

This action is proceeding against Defendants for violation of the Eighth Amendment of the United States Constitution.  The events giving rise to this action occurred at California State Prison - Corcoran, where Plaintiff was transferred on January 10, 2007.  In his amended complaint, Plaintiff alleges that on February 20, 2007, Plaintiff complained to defendant Loadholt that he was experiencing severe pain in his left testicle.  (Doc. 11, Comp. ¶¶11, 12.)  Plaintiff alleges that defendant Loadholt was aware that Plaintiff's pain medication had been depleted and that he was not receiving any treatment.  (Id., ¶13.)  Plaintiff alleges that defendant Loadholt confirmed a lump in Plaintiff's left testicle, knew of Plaintiff's complaints of severe pain, and refused to provide any treatment, instead referring Plaintiff to a urologist, and causing Plaintiff to suffer.  (Id., ¶¶15-17.)

Plaintiff alleges that on March 13, 2007, he was seen by urologist Dr. Dwevedi.  (Id., ¶18.)  Plaintiff alleges that defendant Dwevedi failed to provide adequate treatment and caused Plaintiff to continue to suffer.  (Id., ¶¶23-26.)  Defendant Dwevedi recommended surgery and tissue testing.  (Id., ¶22.)  Plaintiff underwent a penal culture examination on April 11, 2007.  (Id., ¶29, 32.)  Plaintiff alleges that defendant Loadholt did not provide plaintiff with antibiotics for five to six days after the test results showed an infection.  (Id., ¶38.)  On May 10, 2007, Plaintiff underwent surgery by defendant Dwevedi to remove the cyst in his left testicle.  (Id., ¶40.)

Plaintiff alleges that because of a policy implemented by defendant McGuinness, Plaintiff suffered unreasonable delay in receiving treatment.  (Id., ¶44.)  Plaintiff alleges that he suffered prolonged and severe pain, and depression as a result.  (Id., ¶45.)

**C.     Defendants' Motion**

Defendants argue that Plaintiff did not exhaust his claims against them prior to filing this instant lawsuit on April 9, 2007.  In support of their motion to dismiss, Defendants submit evidence that between December 2006 through April 2007, Plaintiff filed four grievances alleging that he had received improper medical care or a delay in receiving medical treatment and surgery.  (Doc. 22, Jones Decl. ¶¶7,8.)

**i.     Grievance / Appeal Log No. COR-2-07-00693 ("07-693")**

In this grievance, Plaintiff complains of inadequate medical care / treatment and requests that

3

he be seen by a physician immediately.   The grievance is dated January 18, 2007 and was received on February 8, 2007.  (Id.¶9; Jones Decl. Attachment A.) Defendants submit evidence that the Director's level decision was completed on April 1, 2008, after Plaintiff filed suit.

In opposition, Plaintiff attests that on February 12, 2007, he submitted a request for interview form, inquiring into the status of his grievance, as well as another submitted on February 2, 2007. (Doc. 33, Lowman Decl. ¶¶8, 10.)  In response to his inquiry, Plaintiff was informed that the grievance bearing log number 07-693 was completed (granted) and returned to him on February 26, 2007. (Id., ¶¶17,18.) Plaintiff argues that because the appeal was granted at the first level of appeal, no other remedy was available and so he filed the instant lawsuit on April 9, 2007.  Plaintiff further argues that he had exhausted this appeal, as well as appeal bearing Log No 07-1781 (see Section C.iii, below) by the time he filed his amended complaint in this action on March 9, 2008.

Plaintiff's evidence indicates that he submitted his grievance for second level review on March 5, 2007. (Doc. 33, Lowman Decl., Ex. A, CDC 602 form, section F.)  Plaintiff indicated that he was dissatisfied and that although his appeal was granted, he had yet to receive any medical treatment, was in pain, and needed medical help.  Plaintiff's appeal was partially granted at the second level on October 29, 2007 and returned to Plaintiff the following day.  (Id., section G.)  On November 4, 2007, Plaintiff submitted his appeal for a Director's Level Review.  (Id., section H.) Again, Plaintiff indicated that he failed to receive a timely response to his serious medical needs, that he was still having serious medical problems to which staff had failed to provide adequate treatment. The appeal was denied at the Director's level on April 1, 2008.  (Id.)

"[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available."  Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005).  Based on the evidence submitted, the Court is not persuaded by Plaintiff's argument that no other remedies were available to him after the first level of review and that he therefore exhausted at the time he filed suit on April 9, 2007.   The evidence shows that his grievance was partially granted at the first level of review.  Plaintiff appealed the decision through to the Director's level, even after he filed the instant federal action, continually seeking medical care.  Plaintiff sought

further remedies (*i.e.*, medical treatment) through the prison administrative grievance system by pursing his appeal until it was finally denied at the Director's level on April 1, 2008. Plaintiff's argument that the grievance process could not provide any further remedy beyond the first level of review is unpersuasive.

Finally, exhaustion must occur prior to filing suit, not while the suit is pending. Jones, 127 S.Ct. at 918-19. Plaintiff was required to exhaust administrative remedies by the time he filed suit on April 9, 2007, not by the time he filed his amended complaint on March 3, 2008.

### ii.     Grievance / Appeal Log No. CSPC-2-07-00748 ("07-748")

Defendants submit evidence that on February 15, 2007, an inmate grievance form was received from Plaintiff. (Doc. 22, Jones Decl. ¶10.) The grievance was logged as Appeal number COR-2-07-00748 and was screened out on or about February 20, 2007 on the basis of it being a duplicate of appeal 07-693. (Id.) There is no record that Plaintiff sought further review of this appeal.

Plaintiff does not address this grievance in his opposition. Therefore, in the absence of any evidence to the contrary, the Court finds that rejection of this appeal does not constitute satisfaction of the exhaustion requirement.

### iii.    Grievance / Appeal Log No. COR-2-07-01781 ("07-1781")

Next, Defendants submit evidence that Plaintiff filed another inmate grievance dated April 9, 2007, which was received on April 19, 2007. (Doc. 22, Jones Decl. ¶11.) In the grievance, Plaintiff complains of severe pain and requests that the surgery and tissue testing ordered by the doctor be performed immediately.

Defendants submit evidence that the first level response was completed on or around May 16, 2007. (Id.) Defendants submit evidence that Plaintiff did not pursue a second level or Director's level review. (Id.)

In opposition, Plaintiff argues that the appeal was granted at the first level and therefore he was not required to pursue the grievance further. Exhaustion must occur prior to filing suit. Jones, 127 S.Ct. at 918-19. The evidence submitted by both parties show that Plaintiff filed this grievance the same day he filed suit, and that the grievance was not granted at the first level until after he filed

1  suit. Plaintiff did not exhaust administrative remedies prior to filing suit by submitting grievance 07-

2  1781.

3          **iv.     Grievance / Appeal Log No. CSPC-2-07-01911**

4          Defendants submit evidence that a fourth inmate appeal was received on April 27, 2007,

5  dated April 22, 2007.  (Doc.22, Jones Decl. ¶12.) Defendants submit evidence that the appeal was

6  withdrawn.  (Id., Attachment C.)

7          Plaintiff does not address this grievance in his opposition.  Therefore, in the absence of any

8  evidence to the contrary, the Court finds that withdrawal of this grievance/ appeal does not constitute

9  satisfaction of the exhaustion requirement.

10 **III.    Conclusion and Order**

11         For the reasons set forth above, the Court finds that Plaintiff did not exhaust his Eighth

12 Amendment medical care claim prior to filing suit.  Accordingly, the Court HEREBY GRANTS

13 Defendants' motion to dismiss, filed March 9, 2009.  This action is HEREBY ORDERED

14 DISMISSED, without prejudice, for failure to exhaust.

15         IT IS SO ORDERED.

16 **Dated:    September 23, 2009            /s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28